Mary J. LIGGINS, Plaintiff,

v.

John W. CARLIN, Archivist of the
United States, Defendant.

No. CIV.A. 04–1207(JR).

United States District Court,
District of Columbia.

Sept. 2, 2005.

Lee Boothby, Boothby & Yingst, Wash-
ington, DC, for Plaintiff.

Megan Lindholm Rose, Uldric L. Fiore, Jr., United States Attorney's Office, Washington, DC, for Defendant.

## MEMORANDUM

ROBERTSON, District Judge.

This memorandum sets forth the reasons why the government's motion for summary judgment in this gender and age discrimination suit must be **granted**.

The plaintiff, Mary J. Liggins, began working at the National Archives and Records Administration (NARA) in 1986 as a utility system repair operator. She was later promoted to elevator mechanical inspector. On November 8, 2000, NARA posted a vacancy announcement for the position of facility manager. Ms. Liggins was then 56 years old. She had never held the position of facility manager, but she had acted for the facility manager at her workplace on many occasions. She applied for the open position, but her name was not referred to the selecting official.

NARA's promotion system has several stages. Candidates who meet basic eligibility criteria are first evaluated based on a "crediting plan." Crediting plan criteria vary depending on the position. In this case, five "knowledge, skills, and abilities" (KSA) elements were used in the crediting plan, although only three of them were listed on the vacancy announcement. The defendant has been unable to explain this discrepancy, and the plaintiff suggests that she may have been disadvantaged by NARA's use of two unannounced KSA's in the evaluation process. She makes no showing, however, of how her application might have been different had she known, and NARA has established by undisputed evidence that all applicants (except the man selected for the position) were evaluated using the same five KSA's. Ten applicants scored 80 or better in the crediting plan and were referred to the selecting official for further consideration. The plaintiff's score was 75, the lowest of all the applicants. Def. Ex. 3. She and another applicant, John Standish, failed to make the cut. Another female who did score above 80, Patricia Darby, was among the ten who were referred to the selecting official. *Id.*

The person selected for the facility manager position was Larry Watson, male, age 48. He did not participate in the crediting plan selection process, because, pursuant to a published regulation, *see* 5 C.F.R. § 335.103(c)(3)(v), his previous experience working as a facility manager made him eligible for "non-competitive referral" to the selecting official.

*Disparate treatment*

In order to establish a prima facie case of discriminatory failure to promote, Ms. Liggins had to show

> that she belongs to a protected group, that she was qualified for and applied for a promotion, that she was considered for and denied the promotion, and that other employees of similar qualifications who were not members of the protected group were indeed promoted at the time the plaintiff's request for promotion was denied.

*Valentino v. United States Postal Service,* 674 F.2d 56, 63 (D.C.Cir.1982) (citing *Bundy v. Jackson,* 641 F.2d 934, 951 (D.C.Cir. 1981)).

It is undisputed that Ms. Liggins is a member of two protected classes, that she submitted a timely application, that she was not selected as facility manager, and that the position went to a male eight years her junior. The two weak points in her prima facie case concern the "similar qualifications" element of proof—at most, she had some experience "acting for" a

facility manager,[1] Def. Ex. 2, but Mr. Watson had a full year of experience as a facility manager for the United States Naval Observatory—and the fact that the man selected as facility manager, at age 48, was also within the ADEA's protected class. *See Murray v. Gilmore*, 406 F.3d 708, 715 (D.C.Cir.2005) ("replacement within the same protected class cuts strongly against any inference of discrimination"); *Dunaway v. Int'l Bhd. of Teamsters*, 310 F.3d 758, 767 (D.C.Cir.2002) (reasonable jury could not find age discrimination based solely on evidence that employee was replaced by someone seven years her junior).

■ Even if the record is deemed sufficient to make out a prima facie case of gender discrimination, or age discrimination, or both, however, Ms. Liggins has failed to rebut NARA's assertion of a legitimate, nondiscriminatory reason for selecting Mr. Watson as facility manager, namely, that he had a year's experience working as a facility manager, while her application reflected no such experience. *See Stewart v. Ashcroft*, 352 F.3d 422, 428–30 (D.C.Cir. 2003) (no inference of discrimination raised when plaintiff's qualifications are not superior to those of the selectee). NARA had stated its preference for such experience in the vacancy announcement, which indicated that "1 year of specialized experience at the GS–11 level is required. . . . Examples of creditable specialized experience would be: managing a maintenance program for an office or apartment building complexes, hospitals, recreation facilities, military, conduct surveillance activities over construction and maintenance operations, or performing maintenance or construction work." Def. Ex. 1; *see Valentino*, 674 F.2d at 64 (employer carried its burden where announcement stated that applicants should have experience in operations and management and selectee had longer and more varied work history than plaintiff).

Because Ms. Liggins has made no showing that NARA's prior experience criterion was pretextual, her disparate treatment claim fails as a matter of law.

*Disparate impact on the basis of gender*

■ Plaintiff's disparate impact claim is that NARA's practice of making non-competitive referrals of reassignment-eligible candidates who have prior experience in the advertised position—*i.e.,* candidates like Mr. Watson who already work in the same grade as that of the advertised position—has a disparate impact upon females, because NARA has never employed a female as a facility manager. She provides no statistical evidence to support her claim, *see Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 994, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988) (to prove disparate impact case "plaintiff must offer statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group"). NARA's undisputed showing is 1) that the position in question was open to employees who were facility managers at other government agencies (Mr. Watson's experience as a facility manager, indeed, was at the U.S. Naval Observatory), and 2) in any event, that Mr. Watson was not selected solely for his prior experience, which ensured only that his application would be referred to the selecting official, and (3) that the hiring decision was also based on his application, other relevant experience, and in-

---

1. Plaintiff's assertion that she had experience "acting" for the facility manager at NARA is accepted for purposes of the instant motion, as it must be, but it is undisputed that her application made no mention of that experience. Def. Ex. 2.

terview. Def. Reply to Pl.'s Factual Statement at 9; Def. Exs. 6–7.

NARA was not required to offer a legitimate, nondiscriminatory reason for Mr. Watson's selection, because the absence of statistical evidence is fatal to her prima facie case. NARA's showing illuminates the failure of Ms. Liggins' proof, however. What Ms. Liggins had to show was that NARA's neutral practice of automatic referral of reassignment-eligible applicants with requisite experience disproportionately impacted female applicants. *See Palmer v. Shultz*, 815 F.2d 84, 90 (D.C.Cir. 1987). The two undisputed facts upon which she relies—that NARA has never had a female facility manager, and that the one applicant exempt from the competitive referral process was a male who had worked as a facility manager for another agency—are not enough.

An appropriate order accompanies this memorandum.

### ORDER

For the reasons stated in the accompanying memorandum, the government's motion for summary judgment [# 3] is **granted**.